## THE JOHN McCULLOUGH.

(Circuit Court of Appeals, Second Circuit. April 2, 1906.)

### No. 184.

COLLISION—SUIT FOR DAMAGES—FAILURE OF PROOF.

A decree dismissing a libel filed by the tug Richards against the ferryboat McCullough for a collision when the vessels were on converging courses affirmed, on the ground that the evidence either showed that the vessels approached each other on crossing courses, and the Richards, having the McCullough on her starboard hand, was in fault for not seeing her, and conforming to her signal by allowing her to pass ahead, as was her right, or that it failed to establish that the McCullough was an overtaking vessel.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal by libelants from a decree of the District Court, Eastern District of New York, dismissing the libel.

The following is the opinion of the District Court by Thomas, District Judge:

The ferryboat McCullough was approaching her slip at Chambers street on a course about southeast by south. The tug Richards was descending the river on a course about south by west. The port bow of the McCullough struck the starboard side of the Richards some 20 to 30 feet forward of her stern. Each claims that the other was the overtaking boat. The McCullough is 217 feet long, and of the propeller type. The Richards is probably about 80 feet long, and was light. It is evident that as the vessels approached the place of collision they should have seen each other on crossing courses for some distinct time before the collision occurred, and should have apprehended the collision. The McCullough gives evidence that she did see the Richards above her, as far up as pier 27, while the McCullough was off Franklin street, and that she blew three several single whistles, and in default of answer slowed, stopped, and backed her engines, but that the Richards came forging alongside and past her, starboarding, so as to throw her stern against the ferryboat. The Richards gives evidence that her captain, mate, and others of the crew did not see the McCullough until she came up from behind, and was 10 or 12 feet away. As already stated, two vessels could hardly, in the use of proper care, approach each other on the courses given without previously seeing each other, if there was a good lookout, whichever vessel was ahead. Let it be admitted that the Richards was some 50 or 60 feet ahead when the collision occurred. How did she get ahead? Was she at all times ahead, or did she at one time have the McCullough on her starboard bow, and pass in front of her? The question is not which boat was ahead at the time of the collision, but did the Richards pass the McCullough after having her on her starboard bow; that is, did the McCullough have the right to be ahead? It is not probable that the McCullough was the faster vessel, or was going faster. In any case the vessels were on crossing courses. There were numerous vessels and tows in the neighborhood. A New York Central tug and a float were maneuvering near the New York shore opposite Franklin street, and somewhat menacing navigation, at least, so that the tug Palmer and her tow had stopped for them. Two ferryboats were drawing away from the New York shore below Chambers street; a ship was passing up nearer the middle of the river. Behind the Palmer was the Erie tug Rogers and her tow, bound for Duane street. Other tows were passing farther out than the vessels immediately concerned. It may be that the Palmer and the detaining tug at Franklin street fixed the attention of the navigators of the Richards, and

that she thereby failed to hear the McCullough's signals and to see her. Farrell, master and owner of the Richards, states that he was ahead of the McCullough. His mate confirms this, and the engineer adds something in corroboration. The master, mate, and steward of the Palmer make the same statement. So as the Richards reached the place of collision he may have been ahead; but was he ever behind? That is the question. For if he was, he at some time had the McCullough on his starboard hand, and in that case had no right to be ahead. The master, quartermaster, and deckhand of the McCullough state that the Richards was above the Mc-Cullough at all times, until she passed just at the moment of collision, and that the McCullough signaled her in vain. The McCullough's engineer gives some corroboration. The pilot of the Susquehanna confirms the McCullough's contention. The master of the Rogers adds strength to the McCullough's case. Hoyt, the master of the Orange, adds nothing. His evidence, if anything, aids the Richards. The master and mate of the Palmer were attentive to the tug and float inside them, and so fearful of collision with them that they stopped, awaiting their departure. They were honest in intention, but it is thought not very watchful of the McCullough and the Richards. The steward of the Palmer was an intelligent person, but he was idling in the bow of the Palmer, and it is not believed that he noticed closely. The master and mate of the Richards did not know of the approach of the McCullough until she was almost upon them, which shows no high degree of observation, for upon the crossing courses they should have seen. The master of the McCullough did see the Richards, and undoubtedly signaled her. He was not an altogether satisfactory witness, but his signals, sufficiently proven to have been given, show that he saw the Richards, and claimed the right of way. The Rogers master was employed by the Erie Company. He was a fair witness. The master of the Susquehanna was an excellent witness. He had an opportunity to see and to hear. It was his business to know the conditions about him before he passed up the river. The McCullough's whistle attracted his attention to the event and the locality of the McCullough and the Richards. He placed the Richards up river. The burden of proof is upon the owners of the Richards in their action; it is upon the owners of the McCullough in its action. Considering the burden of proof. it seems quite as probable that the Richards at one time had the McCullough on her starboard hand, and drew ahead of her until she almost crossed her bow, as that the Richards was always ahead, and never owed the McCullough any duty. It may be that the Richards was going faster, and got ahead. But she could not get ahead without crossing the McCullough's bow, as their courses crossed. Therefore, it is decided that it is not proved whether the McCullough was or was not an overtaking vessel. When the evidence on one side goes so far as to neutralize the evidence on the other, the burden of proof should determine the decision. In the action against the Richards the same state of facts appears. But here the burden of proof is shifted. The libel in each action is dismissed for lack of sufficient controlling evidence to support it, without costs to either party.

La Roy S. Gove, for appellants.

Herbert Green, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. Libelants contend that the ferryboat McCullough was solely in fault for a collision between her and libelants' tug the Leonard Richards. There is much conflict in the testimony upon several of the important points involved. The cause was tried in the presence of the district judge, who saw all the witnesses, and himself closely questioned several of the important ones. We do not feel

warranted in disturbing his findings as to the facts. Our own impression from reading the record is that when the vessels first drew towards each other they were on crossing courses, the Richards having the ferryboat on her starboard hand; that their respective obligations were fixed by that circumstance; that the ferryboat signaled and navigated in conformity to such obligations, while the Richards failed to heed the signals, and kept on across the bow of the ferryboat. For some reason the testimony as given appears not to have been so persuasive as it looks in print, and Judge Thomas found, not that the vessels were on crossing courses, but that the Richards, on whose owners was the burden of proof, had "not proved whether the McCullough was or was not an overtaking vessel." Certainly there is no such clear weight of testimony as would induce this court to disregard such finding, and to hold that she was an overtaking vessel. Whether we find, as the weight of the testimony seems to indicate, that the vessels were on crossing courses, or, as the district judge found, that libelants had not proved that the McCullough was an overtaking vessel, the result would be the same—a dismissal of the libel.

The decree is affirmed, with costs.